UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AURORA MENDEZ & PEDRO L. MENDEZ, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3954 |
| | § | |
| WELLS FARGO BANK, N.A.,, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is defendant Wells Fargo Bank, N.A.'s motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 12. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is GRANTED.

### BACKGROUND

In August of 2008, plaintiffs Aurora and Pedro Mendez purchased their home (the "Property") and entered into a mortgage loan with Interlinc Mortgage Inc. Dkt. 1-3. Later in 2008, defendant Wells Fargo Bank, N.A. became the mortgage servicer on the loan. *Id.* Plaintiffs continued making payments to Wells Fargo until the third quarter of 2010, at which time they became delinquent on their loan payments. *Id.* Wells Fargo entered into a payment arrangement with the plaintiffs, allowing them to make a series of payments to bring the loan current. *Id.* Plaintiffs failed to make the final payment. Dkt. 12.

Plaintiffs also pursued a permanent loan modification agreement with Wells Fargo. Dkt. 1-3. Plaintiffs retained counsel to assist in the process. *Id.* Additionally, plaintiffs made a written demand to Wells Fargo, requesting information pursuant to the Real Estate Settlement Practices Act.

*Id.* Wells Fargo responded to the request. *Id.* Plaintiffs disputed the amount of escrow. *Id.* However, it is unclear what the basis of their dispute was and the parties never resolved it.

Meanwhile, the plaintiffs remained in default. *Id.* Wells Fargo posted the Property for foreclosure on November 1, 2011. Plaintiffs filed the current suit in state court on October 28, 2011, seeking injunctive relief. The state court issued the temporary injunction. Defendant filed an answer in state court and then removed the case to this court.

## LEGAL STANDARD

As a threshold matter, the court converts Wells Fargo's 12(b)(6) motion into a 12(c) motion for judgment on the pleadings. Since Wells Fargo filed an answer in state court, the time for filing a 12(b)(6) has passed. However, since the standards for the two motions are identical, the conversion is merely a technicality and the court will look to the law on 12(b)(6) when determining the motion. *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true. *Kaiser*, 677 F.2d at 1050. Generally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However when considering a 12(b)(6) motion, a court may consider documents attached to a motion to dismiss if the documents are referred to in the complaint and are central to the plaintiffs' claims. *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted).  The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id.*

## ANALYSIS

Although not individually denominated, plaintiffs state court petition appears to bring four separate causes of action: (1) breach of contract; (2) violations of the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601, *et seq.*, ("RESPA"); (3) violations of the Texas Property Code § 51.002; and (4) violations of the Texas Fair Debt Collection Practice Act, TEX. FIN. CODE § 392.304(a)(19).

**1.      Breach of Contract**

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir.2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.-Houston [14th Dist.] 2005, pet. denied)).  Here the plaintiffs cannot sustain a breach of contract claim because they did not perform on the only valid contracts they have alleged.  They admit that they defaulted on their original mortgage.  And, they defaulted on the 6 month payment arrangement agreement into which they entered with Wells Fargo when the Mendezes defaulted on the mortgage.  Both of those agreements are valid contracts.  However, in order to prevail on a breach of contract claim, they must have performed on the contract.  They admit that they have not.

In their petition, they also allege that Wells Fargo has breached a contract to review and process all applications in a fair and objective fashion based on Wells Fargo's acceptance of funds under the Emergency Economic Stabilization Act of 2008 and participation in the Making Home Affordable Program or HAMP.  However, even assuming this is true, it does not give rise to a contract between the plaintiffs and Wells Fargo.  And, "[a]lthough the Fifth Circuit has yet to rule on the issue, the majority of courts have held that HAMP does not create a private right of action in a borrower." *Tran v. BAC Home Servicing, LP*, Civ. No. H-10-3514, 2011 WL 5057099, at *2 (S.D. Tex. Oct. 24, 2011) (collecting cases).  Even assuming that Wells Fargo had promised the plaintiffs that it would review their loan modification package or permanently modify their loan, those are not enforceable contracts.  *See George-Beauchand v. Wells Fargo Home Mortg., Inc.*, Civ. No. H-10-3828, 2011 WL 6250785, at *6 (S.D. Tex. Dec. 14, 2011) (citing *Bank of Tex., N.A. v. Gaubert*, 286 S.W. 3d 546, 555 (Tex.App.–Dallas 2009, pet. dism'd w.o.j.)).  Accordingly, plaintiffs' cause of action for breach of contract fails as a matter of law.

**2.      Violations of RESPA**

Plaintiffs allege that Wells Fargo violated Section 6 of RESPA, 12 U.S.C. § 2605, when it foreclosed on the Property without resolving the discrepancies in the plaintiffs' escrow account and not responding to their HAMP application.  Plaintiffs further allege that the negligent transfer of the file between mortgage servicers compromised Wells Fargo's legal authority to foreclose on the Mendez's home.  However, none of these actions would be a violation of RESPA.

RESPA provides a private right of action for individuals for violations of § 2605. 12 U.S.C. § 2605(f)(1).  Section 2605 contains disclosure requirements relating to the assignment, sale or transfer of loan servicing. § 2605(a).  Plaintiffs submitted a "qualified written request" or "QWR" to Wells Fargo pursuant to § 2605(e).  Dkt. 1-3.  In order for Wells Fargo to have violated RESPA

4

giving rise to a private right of action, it would have had to fail to respond to plaintiffs' QWR and that failure would have to give rise to specific actual damages. § 2605(f); *Oden v. JPMorgan Chase Bank, N.A.*, Civ. No. H-12-861, 2012 WL 1610782, at *2 (S.D. Tex. May 8, 2012). However, plaintiffs do not allege that Wells Fargo's failure to disclose or respond to requests for information caused them damage. Instead they allege that Wells Fargo's failure to "resolve the discrepancies in the account" caused them unspecified damage. That is not a violation of RESPA. And, even if it was, it would not compromise Wells Fargo's "legal authority to foreclose" on the Property, because the statute provides a remedy—damages. § 2605(f). Therefore, plaintiffs have failed to state a claim for violations of RESPA.

### 3. Violations of the Texas Property Code

Section 51.002 of the Texas Property Code outlines the procedures for sale of real property under lien—such as in this case. TEX. PROP. CODE § 51.002. The Code specifies where, when and how such a sale may take place. § 51.002(a). It dictates who shall receive notice of the sale, when they shall receive the notice, and by what means. § 51.002(b)-(g). Plaintiffs allege that Wells Fargo violated the Code when it posted the Property for foreclosure while it still had unresolved issues with plaintiffs. That does not violate § 51.002 of the Texas Property Code since it does not relate to the subjects covered by § 51.002. Accordingly, plaintiffs' claims under the Texas Property Code fail.

### 4. Violations of the Texas Fair Debt Collection Act

Section 392.304(a)(19) of the Texas Finance Act provides that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation . . . using any other false representation or deceptive means to collect data or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19). Plaintiffs allege that Wells Fargo's refusal to resolve the dispute about the escrow constitutes a violation of

the Act. However, plaintiffs have failed to allege that Wells Fargo mislead them or misrepresented the facts. Accordingly, their claims for violations of the Texas Fair Debt Collection Act fail because they allege no actions covered by that subsection.

## CONCLUSION

Pending before the court is defendant Wells Fargo's motion to dismiss. Dkt. 12. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on April 2, 2013.

_____
Gray H. Miller
United States District Judge